Jackson-Daniels v Kabalkina (2023 NY Slip Op 00209)

Jackson-Daniels v Kabalkina

2023 NY Slip Op 00209

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-00140
 (Index No. 605197/17)

[*1]Yolanda Jackson-Daniels, et al., appellants, 
v
Olga Kabalkina, respondent.

Parker Waichman, LLP, Port Washington, NY (Jay L.T. Breakstone and Stephenie L. Bross of counsel), for appellants.
Martyn, Martyn, Smith & Murray, Mineola, NY (Robert A. Drummond and Edward LeBeaux of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered January 2, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Yolanda Jackson-Daniels did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action to recover damages for personal injuries that the plaintiff Yolanda Jackson-Daniels (hereinafter the injured plaintiff) allegedly sustained in a motor vehicle accident that occurred on January 29, 2015. The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered January 2, 2020, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
The defendant failed to meet her prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the cervical region of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735; Bertuccio v Murdolo, 172 AD3d 988, 989; cf. Staff v Yshua, 59 AD3d 614).
Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the submissions by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court